UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61804

**WILLIANNE ETIENNE,**

    Plaintiff,

v.

**REKA BEANE, *et al.*,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

On September 8, 2025, Plaintiff filed her Complaint [DE 1] in this action as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [DE 3]. Because Plaintiff sought leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply here. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

It was evident from screening Plaintiff's initial Complaint that Plaintiff failed to state a claim on which relief may be granted. Therefore, on September 8, 2025, I entered an Order [DE 5] denying Plaintiff's IFP Motion without prejudice and directing Plaintiff to file an amended complaint by September 29, 2025. That Order directed Plaintiff – in preparing her amended complaint – to comply with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1] I explained to Plaintiff that in accordance with Rule 8, her amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

also directed Plaintiff (in her amended complaint) to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In addition to addressing the requirements of Rules 8 and 10, my September 8, 2025 Order addressed the allegations of Plaintiff's Complaint, noting that even liberally construing Plaintiff's Complaint, it was wholly unclear from Plaintiff's Complaint what causes of action Plaintiff was attempting to bring and what factual allegations underlie those causes of action. For instance, I explained that while Plaintiff purported to bring causes of action under various criminal statutes, those statutes do not themselves provide a private right of action or civil remedies. *See* [DE 5] at 3 & n.2. I also explained that Plaintiff's purported factual allegations did nothing to clarify what cause(s) of action Plaintiff was attempting to bring. As I noted, Plaintiff's initial Complaint seemingly attempted to bring a claim against an attorney (Reka Beane) who represented a creditor in Plaintiff's bankruptcy case, alleging as follows: (1) Defendant "knowingly forced Plaintiff to participate in fraud, thereby turning the judicial system into a circus and undermining Plaintiff's constitutional rights"; (2) "Defendant acted with knowledge that there was no true mortgage on Plaintiff's property, yet nevertheless filed requests to lift the bankruptcy stay under false pretenses"; (3) "Defendant requested hearings with the intent that they be used in simulated proceedings, rather than lawful judicial process." [DE 1] at 5.

However, Plaintiff's purported factual allegations consisted of, at best, labels and conclusions (e.g., "simulated proceedings"), rather than factual allegations sufficient to state a plausible claim for relief. So, I directed Plaintiff to file an amended complaint to clarify what claims she is attempting to bring and what facts underlie those claims, warning Plaintiff that the failure to timely file an amended complaint rectifying the deficiencies with Plaintiff's initial Complaint may result in dismissal without any further opportunity to amend the complaint. My

September 8, 2025 Order also permitted Plaintiff to file a renewed motion to waive the filing fee when she filed her amended complaint, but the Order warned Plaintiff that the action may be dismissed without further notice if Plaintiff failed to file a renewed motion to waive the filing fee or to alternatively pay the filing fee.

Although Plaintiff filed an Amended Complaint [DE 6] on September 10, 2025, she has not filed a renewed motion to waive the filing fee or paid the filing fee in accordance with the September 8, 2025 Order.  Her failure to do so warrants dismissal.  Regardless, Plaintiff's Amended Complaint is independently subject to dismissal because it still fails to state a claim upon which relief may be granted and appears to be frivolous.

As a preliminary matter though, Plaintiff's Amended Complaint fails to show that this Court has subject matter jurisdiction.  Although Plaintiff's initial Complaint alleged jurisdiction under 28 U.S.C. § 1331, her Amended Complaint now alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  In fact, Plaintiff's Amended Complaint has been prepared using a *pro se* form "Complaint for the Conversion of Property."  Thus, it seemingly attempts to bring a state-law conversion claim.  In addition to suing the defendant named in Plaintiff's initial Complaint, Plaintiff's Amended Complaint also names two additional defendants: (1) Nationstar Mortgage Mr. Cooper; and (2) Annie Murchison (Assistant Secretary Mr. Cooper).  The Amended Complaint seems to indicate that Plaintiff is a citizen of Florida and that Nationstar Mortgage is a citizen of Texas.  However, the Amended Complaint fails to allege the citizenship of the individual defendants.

Significantly, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."  *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting *Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th

4

Cir. 2005)). "If the plaintiff fails to shoulder that burden, the case must be dismissed." *Id.* (citing *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 12(h)(3) (""If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice." (citation omitted)).

Because Plaintiff has failed to allege the citizenship of the individual defendants, she has failed to satisfy her burden of showing that this Court has subject matter jurisdiction. While I would ordinarily provide Plaintiff with an additional opportunity to address the deficient jurisdictional allegations, that is unnecessary here given that the Amended Complaint seems to indicate that the original Defendant (Reka Beane) is a citizen of Florida. The Amended Complaint discloses a Florida address for Ms. Beane, and Plaintiff's allegations indicate that Ms. Beane is a Florida attorney.[2] Thus, complete diversity does not appear to exist. *See MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."); *see also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("[W]hen federal jurisdiction is invoked based upon diversity . . . the court [must be] satisfied that no plaintiff is a citizen of the same state as any defendant.").

Moreover, as indicated above, even if this Court had subject matter jurisdiction, dismissal would still be warranted based on Plaintiff's noncompliance with the September 8, 2025 Order and based on Plaintiff's failure – in her Amended Complaint – to state a claim upon which relief

---

[2] The Florida Bar's website likewise indicates that Ms. Beane is a Florida attorney with a Florida mailing address.

may be granted.  Like Plaintiff's initial Complaint, Plaintiff's Amended Complaint is light on factual allegations, and the limited factual allegations that are present fail to state a plausible claim for relief.  Similar to Plaintiff's initial Complaint, her Amended Complaint again uses labels such as "simulated" proceedings, alleging that Plaintiff was "forced into participating in simulated legal proceeding [sic]." [DE 6] at 4.  It is once again unclear what Plaintiff means.  Plaintiff also alleges that "[a]ll parties involved are committing fraud and forcing me to participate." *Id.* at 5.  But Plaintiff fails to allege how they are allegedly "committing fraud and forcing [her] to participate." And while Plaintiff includes some additional allegations in the relief section of her Amended Complaint (*see id.*), those allegations are largely incoherent and, at any rate, fail to suggest any semblance of a legally cognizable cause of action.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[3] Failure to timely file objections shall bar the parties from a *de novo* determination by a District

---

[3] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of October 2025.

*[signature]*
Jared M. Strauss
United States Magistrate Judge